IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-3655-BN |
| | § | |
| U PULL IT AUTO & TRUCK SALVAGE, | § | |
| INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Juan Garcia filed a Motion for Partial Summary Judgment (the "Plaintiff's MSJ") on his claim against Defendants U Pull It Auto & Truck Salvage, Inc., Behrouz Heydarian, and Asadollah Heydarian (collectively, "Defendants"). *See* Dkt. No. 19. Defendants filed their own Motion for Partial Summary Judgment (the "Defendants' Cross-MSJ"). *See* Dkt. No. 24. Defendants also filed a Motion for Leave to Amend the Appendix to their Cross-MSJ (the "Motion for Leave"). *See* Dkt. No. 30.

And, on January 29, 2016, Defendants filed an untimely and unauthorized Motion to Dismiss for Failure to State a Claim (the "Motion to Dismiss"). *See* Dkt. No. 35; *see also* Dkt. No. 14 (setting a November 6, 2015 dispositive motion deadline).

For the reasons explained below, the Court grants the Motion for Leave and Defendants' Cross-MSJ, denies Plaintiff's MSJ, dismisses Plaintiff's claims against Defendants with prejudice, and denies Defendants' Motion to Dismiss as moot.

1

**Motion for Leave and Objections to Summary Judgment Evidence**

Defendants submitted the Declaration of Behrouz Heydarian (the "Heydarian Declaration") in support of their Cross-MSJ. *See* Dkt. No. 26-1. Plaintiff objected to every exhibit attached to the Heydarian Declaration as unauthenticated but did not object to the declaration itself. *See* Dkt. No. 27 at ¶ 9. Defendants moved for leave to amend the Heydarian Declaration to ensure "compliance with the rules of evidence and proper authentication of Defendants' exhibits." Dkt. No. 30 at ¶ 6; Dkt. No. 30-1 at ¶ 1.1.

A party properly supports a fact by citing to competent summary judgment evidence, but unauthenticated documents are not competent evidence. *See* FED. R. CIV. P. 56(c)(1); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). The Court may permit a party to properly support or address a fact that the party has previously failed to properly support. *See* FED. R. CIV. P. 56(e)(1).

Plaintiff did not address why Defendants' Motion for Leave should be precluded under Rule 56(e)(1). *See* Dkt. No. 31. The Court therefore GRANTS the Motion for Leave and considers the amended Heydarian Declaration. *See Carter v. Luminant Power Servs. Co.*, No. 3:10-cv-1486-L, 2011 WL 6090700, at *6 n.9 (N.D. Tex. Dec. 6, 2011).

In his amended declaration, Behrouz Heydarian made statements on his personal knowledge, under penalty of perjury, and in his capacity as President of [Defendant] U Pull It Auto & Truck Salvage, Inc ("UPI"). Dkt. No. 33-1 ("Heydarian Decl.") at ¶ 1, 3. An affidavit or declaration, made under penalty of perjury pursuant

to 28 U.S.C. § 1746, can adequately support a motion for summary judgment when it is made on personal knowledge and shows that the affiant or declarant is competent to testify on the matters stated. *See* FED. R. CIV. P. 56(c)(4). Behrouz Heydarian's position of UPI's President supports the inference that he has personal knowledge of his employees' – including Plaintiff's – wages and pay rates. *See Fed. Sav. & Loan Ins. Corp. v. Griffin*, 935 F.2d 691, 702 (5th Cir. 1991) (an affiant's position in a company affords them with personal knowledge about some practices); *see also In re Kaypro*, 218 F.3d 1070, 1075 (9th Cir. 2000) (explaining that "[p]ersonal knowledge may be inferred from a declarant's position").

Plaintiff objects to Exhibits 1, 2, 3, 5, 7, 9, and 12 to the amended Heydarian Declaration as unauthenticated. *See* Dkt. No. 32 at 3-4*; see also* Dkt. Nos. 26-2, 26-3, 26-4, 26-5,26-6, 26-8, 26-11, 26-13, & 26-18. As a matter of efficiency, the Court will only take up the objections to evidence on which the Court relies on in making its decision on Plaintiff's MSJ and Defendants' Cross-MSJ, but the Court will grant Defendants leave to submit the revised Heydarian Declaration to correct the reference to Bank of America. *Compare* Dkt. No. 30-1 at ¶ 2; Dkt. No. 32 at 1, 3-4, *with* Heydarian Decl. at ¶ 2; Dkt. No. 33-1 at 1.

At the time that the Court relies on evidence to which Plaintiff objects, the Court will address the objections. If the Court relies on evidence and an objection to that evidence is not discussed, the Court considered both the evidence proffered and Plaintiff's objections, and, to the extent the Court regarded portions of the evidence as relevant, admissible, and necessary to the resolution of particular summary judgment

3

issues, overruled those objections. To the extent that the Court does not rely on evidence about which Plaintiff complains is not authenticated, the objections are denied as moot.

**Background**

Plaintiff worked for Defendants from 2010 through 2014 as a nonexempt employee. *See* Dkt. No. 1 at ¶ 9; Heydarian Decl. at ¶ 4. Defendants paid its nonexempt employees hourly. *See* Dkt. No. 20-3 ("Heydarian Depo.") at 9:13-18. Behrouz Heydarian testified that UPI's employees generally worked and were paid for forty regular hours and eleven overtime hours each week. *Id.* at 11:14-15, 11:18-22, 14:13-18. Behrouz Heydarian also stated that Defendants deducted pay for hours employees did not work. *See id.* at 12:13-20.

Plaintiff's regular hourly rate was initially $11.00, making his overtime rate $16.50. *See* Heydarian Decl. at ¶ 11; 29 U.S.C. § 207(a)(1) (overtime rate calculated as time-and-a-half of employee's regular rate). Defendants eventually raised Plaintiff's regular rate to $12.00 an hour, making his overtime rate $18.00 an hour. *See* Heydarian Decl. at ¶ 11.

Plaintiff generally worked forty regular hours and eleven hours of overtime and was usually paid $621.50 or $678.00. *See* Dkt. No. 20-1 ("Garcia Decl.") at ¶¶ 3-6; Heydarian Decl. at ¶¶ 9, 11. Plaintiff did not work for Defendants from February 1 through May 24, 2013, and there are no payment records for that period. *See* Garcia Decl. at ¶ 5. Plaintiff worked forty regular and five overtime hours during September

4

8 through September 14, 2013 and netted $458.53. *See* Heydarian Decl. at ¶ 10; Dkt. No. 26-9 at 27.

Plaintiff filed this action against Defendants alleging that they willfully violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the "FLSA"), and seeks actual and compensatory damages, liquidated damages, attorneys' fees, and court cost pursuant to 29 U.S.C. § 216. *See* Dkt. No. 1 at ¶¶ 12-15.

Plaintiff moves for partial summary judgment on his claims, asserting that Defendants violated the FLSA by paying him a fixed amount of compensation each week regardless of the hours that he worked. *See* Dkt. No. 20 at 29. Defendants respond that they did not pay Plaintiff a fixed amount of compensation but instead paid him for the hours that he actually worked. *See* Dkt. No. 28 at ¶ 8.

Defendants filed their own Cross-MSJ, asserting that Plaintiff's claim fail as a matter of law because he presents no evidence that shows he was improperly compensated under the FLSA. *See* Dkt. No. 25 at 1.

Defendants have also untimely moved to dismiss Plaintiff's action for failing to state a claim. *See* Dkt. No. 35.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is

'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Id.*; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

The Court is required to view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in the nonmoving party's favor – but only if both parties have introduced evidence showing that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075. Rather, the nonmoving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its

6

case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). If, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at

7

*10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

On cross-motions for summary judgment, the Court reviews each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party. *See Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001); *Jonathan C. v. Hawkins*, No. 9:05-cv-43, 2006 WL 3498494, at *5 (E.D. Tex. Dec. 5, 2006).

## Analysis

Plaintiff's MSJ

All employers covered under the FLSA must pay non-exempt employees at one-and-one-half times their regular hourly rate for all hours worked in excess of forty hours during one work week. *See* 29 U.S.C. § 207(a)(1). Section 207(f) of the FLSA is an exception to the this overtime payment requirement. *See* 29 U.S.C. § 207(f). Wage plans under 29 U.S.C. § 207(f) – known as "Belo plans" – guarantee wages, up to sixty hours, for employees whose hours necessarily fluctuate above and below the forty-hour cut-off. *See id.* Belo plans are only available for employees whose duties "necessitate irregular hours of work." 29 U.S.C. § 207(f); *Donovan v. Brown Equip. & Serv. Tools, Inc.*, 666 F.2d 148, 152-53 (5th Cir. 1982); *see also* 29 C.F.R. § 778.405.

Although employees with irregular hours do not earn overtime pay after forty hours of work, Belo plans provide fixed wages to secure such employees against "short" paychecks in weeks when they work very few hours so that they can operate on a stable budget. *See Donovan*, 666 F.2d at 153. "An employer who attempts to invoke the Belo exception has the burden of showing affirmatively that each of the essential conditions to the exception are met." *Donovan v. Welex*, 550 F. Supp. 855, 856 (S.D. Tex. 1982).

The evidence does not support Plaintiff's assertion that his compensation was fixed. Plaintiff moves for partial summary judgment alleging that Defendants paid him a fixed amount of compensation regardless of how many hours he worked even though he did not meet the irregular hours requirement of an acceptable Belo plan. *See* Dkt. No. 20 at 6, 13, 16, 28**.** Plaintiff contends that Defendants' payment of fixed compensation constitutes a willful and unreasonable violation of the FLSA and is without good faith. *See id*. at 22, 25, and 27.

Although Defendants have the burden of invoking a Belo plan exemption, they agree that the Belo plan exception is not available in this case. *See* Dkt. No. 28 at 1; *Welex*, 550 F. Supp. at 856. Instead, Defendants assert that they paid Plaintiff time-and-a-half of his regular rate for every overtime hour he worked, not a fixed amount under a Belo plan. *See* Dkt. No. 25 at 5.

Nevertheless, Plaintiff insists that Defendants paid him a fixed amount and argues that he was "never told that [he] was being paid on an hourly basis ... [i]nstead [he] was told that [he] would receive a set amount of money per week." Garcia Decl. at

9

¶ 4. But these statements only indicate what Plaintiff was told about his compensation and also fail to mention who provided him with this information.

Therefore, at the very least, Plaintiff's declarations do not refute Defendants' assertions regarding his actual hourly compensation and do not establish beyond peradventure any essential element of his FLSA claim. Further, in the absence of a showing that they are, for example, an opposing party's statement under Federal Rule of Evidence 801(d)(2) or subject to an exception under Federal Rules of Evidence 803, 804, or 807, the statements in Plaintiff's declaration as to what he was told constitute inadmissible hearsay to the extent that Plaintiff offered them to prove that he did not receive an hourly wage. *See Snapt Inc. v. Ellipse Commc'ns Inc.*, 430 F. App'x 346, 352 (5th Cir. 2011).

Plaintiff further hypothesizes that Defendants would have paid him the exact same amount of compensation whether he worked 45 or 51 hours each week. *See* Dkt. No. 20 at 8. But Plaintiff's hypothetical statement is controverted by evidence showing that his compensation decreased from his typical weekly pay on weeks in which he worked less than eleven overtime hours. *See* Garcia Decl. at ¶¶ 3, 5, 6; Heydarian Decl. at ¶¶ 7, 10; Dkt. No. 26-9 at 27. For instance, UPI deducted pay for hours Plaintiff did not work. *See* Heydarian Dep. at 12:13-20. Further, there is no evidence that Plaintiff was paid from February 1 through May 24, 2013, the period in which he did not work at all. *See* Garcia Decl. at ¶ 5. Also, Plaintiff only netted $458.53 during the week of September 8 through September 14, 2013 because he worked less than his usual – forty regular, eleven overtime – hours during that period. *See* Heydarian Decl. at ¶ 10; Dkt.

10

No. 26-9 at 27. Plaintiff also does not argue that the evidence showing that his pay varied is inaccurate.

The evidence – particularly when taken in favor of Defendants, the non-moving party – does not establish beyond peradventure that Defendants improperly paid Plaintiff fixed compensation. Therefore, Plaintiff's MSJ – which is entirely premised on the allegation that Defendants paid him a fixed wage – fails.

In light of this conclusion, the Court need not analyze whether Plaintiff is entitled to summary judgment as to whether Defendants violated the FLSA willfully, without good faith, or unreasonably by paying Plaintiff a guaranteed wage.

<u>Defendants' Cross-MSJ</u>

Defendants move for partial summary judgment on this basis that Plaintiff has not offered any evidence to prove that Defendants failed to properly pay him for overtime. *See* Dkt. No. 25 at 1.

"[A]n employee who brings suit for unpaid overtime compensation generally bears the burden of proving, with definite and certain evidence, that he performed work for which he was not properly compensated." *Reeves v. Int'l Tel. and Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980), *abrogated on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988). If an employer's time records are inadequate or inaccurate, an employee must simply prove that "he has in fact performed work for which he was improperly compensated and ... produce[] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), *superseded by statute*

*on other grounds as stated in Integrity Staffing Solutions, Inc. v. Busk*, 135 S. Ct. 513, 516 (2014). The burden would then shift to Defendants to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from Plaintiff's evidence. *See id*. at 688.

Even if Defendants failed to maintain complete and accurate timekeeping records, Plaintiff has not satisfied his burden to come forward with sufficient evidence of specific facts showing a genuine issue for trial as to the amount and extent of his work for Defendants and that he was improperly compensated for that work. *See Anderson*, 328 U.S. at 687-88.

Plaintiff only incorporates his argument in support of his own MSJ – that he received a fixed amount of pay each week – in response to Defendants' Cross-MSJ. *See* Dkt. No. 24 at ¶ 1. Plaintiff has not produced evidence showing a genuine issue for trial that Defendants improperly paid Plaintiff fixed compensation each week. For the reasons explained above in connection with Plaintiff's MSJ, what little evidence Plaintiff offers is so weak or tenuous on the essential fact of whether Plaintiff worked hours for which he was not properly paid overtime that it could not support a judgment in Plaintiff's favor. *See Little*, 37 F.3d at 1075. Here, the record, taken as a whole, could not lead a rational trier of fact to find for Plaintiff, and so there is no genuine issue for trial. *See DIRECTV*, 420 F.3d at 549.

While the Court views all facts and draws all reasonable inferences in the light most favorable to Plaintiff and resolve all disputed factual controversies in Plaintiff's favor, it does so only if both parties have introduced evidence showing that an actual

12

controversy exists. Plaintiff has not done so, while Defendants have come forward with evidence in response to which Plaintiff offers only unsubstantiated assertions, improbable inferences, or unsupported speculation in support of essential elements of his FLSA claim.

Behrouz Heydarian declares that Defendants initially paid Plaintiff an hourly rate of $11.00 and an overtime rate of $16.50. *See* Heydarian Decl. at ¶ 11. He declares that Defendants later raised Plaintiff's hourly rate to $12.00 with an overtime rate of $18.00. *See id.* Plaintiff asserts that he was never told that he was paid on an hourly basis and never saw any documents reflecting the fact that he was paid on an hourly basis and "[i]nstead [he] was told that [he] would receive a set amount of money per week." Garcia Decl. at ¶ 4. But Plaintiff does not offer evidence to controvert Behrouz Heydarian's factual assertions or create a genuine issue for trial as to, regardless of what Plaintiff may have been told or understood, how and how much Plaintiff actually was paid.

Further, Plaintiff admits that he generally worked eleven overtime hours and was usually paid $621.50 each week, which was later increased to $678.00. *See id.* at ¶¶ 3-6. While the Court must, in resolving Defendants' Cross-MSJ, view all facts and resolve all disputed factual controversies in Plaintiff's favor, it is not required to draw unreasonable inferences in favor of Plaintiff. Forty hours of regular time and eleven hours of overtime at Plaintiff's initial hourly and overtime rates equals $621.50. Likewise, forty regular hours and eleven overtime hours at Plaintiff's increased rate amounts to $678.00. Consequently, Plaintiff's typical weekly compensation corresponds

to the usual hours that he worked. Plaintiff also does not suggest that Defendants underreported his time or underpaid him during February 1 through May 24, 2013 and September 8 through September 14, 2013 when he worked less than eleven overtime hours and received less than his typical compensation. *See* Garcia Decl. at ¶¶ 3, 5; Heydarian Decl. at ¶¶ 7, 10; Dkt. No. 26-9 at 27.

There is no basis to draw the inference in Plaintiff's favor that Plaintiff seeks on the essential elements of his FLSA claim – that he was paid fixed weekly compensation under an improper Belo plan – on this record. Because Plaintiff has not provided the Court with evidence showing a genuine issue for trial that he was improperly compensated for overtime hours that he worked, summary judgment must be granted as to his FLSA claim.

Defendants' untimely Motion to Dismiss will therefore be denied as moot.

## Conclusion

The Court GRANTS Defendants' Motion for Leave to Amend [Dkt. No. 30], DENIES Plaintiff Juan Garcia's Motion for Partial Summary Judgment [Dkt. No. 19], and GRANTS Defendants' Motion for Partial Summary Judgment [Dkt. No. 24]. Plaintiff Juan Garcia's claim against Defendants U Pull It Auto & Truck Salvage, Inc., Behrouz Heydarian, and Asadollah Heydarian is dismissed with prejudice. The Court DENIES as moot Defendants' untimely Motion to Dismiss for Failure to State a Claim [Dkt. No. 35].

A separate judgment will enter.

SO ORDERED.

DATED: February 4, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

15